UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; DISNEY ENTERPRISES, INC., a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DOES 1 - 6,<br><br>　　　　Defendants. | Case No.<br><br>05-30086-MAP |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### JURISDICTION AND VENUE

1.　This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.　This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.　Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to the Plaintiffs at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the respective Plaintiffs have exclusive rights. Such

unlawful distribution occurred in several jurisdictions in the United States, including this one. In addition, each Defendant used an online service provider found in this District to provide him or her with access to the Internet.

## PARTIES

4.  Plaintiffs Universal City Studios Productions LLLP, Disney Enterprises, Inc., Columbia Pictures Industries, Inc. and Paramount Pictures Corporation (collectively, the "Plaintiffs") are among the world's leading creators and distributors of motion pictures. Plaintiffs bring this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of the Plaintiffs' copyrighted motion pictures. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that the Plaintiffs spend millions of dollars to create and/or distribute. Each time a Defendant unlawfully distributes a free copy of one of the Plaintiffs' copyrighted motion pictures to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the distribution of that single copy to tens of thousands of people using that same online distribution system. The Plaintiffs now seek redress for this rampant infringement of their exclusive rights.

5.  Plaintiff Universal City Studios Productions LLLP is a Delaware limited liability limited partnership, with its principal place of business at 100 Universal City Plaza, Universal City, California. Universal City Studios Productions LLLP ("Universal") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Universal is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

6. Plaintiff Disney Enterprises, Inc. ("Disney") is a Delaware corporation, with its principal place of business at 500 South Buena Vista Street, Burbank, California. Among other things, Disney or one or other of its subsidiaries, is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Disney is an owner of the copyrights and/or the pertinent exclusive rights under Copyright Law in the United States in certain motion picture works, including those indicated on Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

7. Plaintiff Columbia Pictures Industries, Inc. is a Delaware corporation, with its principal place of business at 10202 West Washington Boulevard, Culver City, California. Columbia Pictures Industries, Inc. ("Columbia") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Columbia is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

8. Plaintiff Paramount Pictures Corporation is a Delaware corporation, with its principal place of business at 5555 Melrose Avenue, Los Angeles, California. Paramount Pictures Corporation ("Paramount") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Paramount is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

9. The true names of Defendants are unknown to the Plaintiffs at this time. Each Defendant is known to the Plaintiffs only by the Internet Protocol ("IP") address assigned to that Defendant by his or her online service provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto. The Plaintiffs believe that information obtained in discovery will lead to the

identification of each Defendant's true name and permit the Plaintiffs to amend this Complaint to state the same.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

10. The Plaintiffs are responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

11. At all relevant times the Plaintiffs have been the holders of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to the copyrighted motion pictures listed on Exhibit A to this Complaint (collectively, the "Copyrighted Motion Pictures"). Each of the Copyrighted Motion Pictures is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights as specified on Exhibit A.

12. Each of the Copyrighted Motion Pictures contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

13. The Plaintiffs are informed and believe that each Defendant, without the permission or consent of the Plaintiffs, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, certain of the Copyrighted Motion Pictures. Exhibit A identifies on a Defendant by Defendant basis (one Defendant per page) the Copyrighted Motion Pictures that each Defendant has, without the permission or consent of the Plaintiffs, distributed to the public, including by making available for distribution to tens of thousands of people. In doing so, each Defendant has violated the Plaintiffs' exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of the Plaintiffs' exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

14. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiffs.

15. As a result of each Defendant's infringement of the Plaintiffs' exclusive rights under copyright, the Plaintiffs are entitled to relief pursuant to 17 U.S.C. § 504, and to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

16. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court will continue to cause, the Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiffs are entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiffs' copyrights and ordering that each Defendant destroy all copies of the Copyrighted Motion Pictures made in violation of the Plaintiffs' copyrights.

WHEREFORE, the Plaintiffs pray for judgment against each Defendant as follows:

1. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing the Plaintiffs' rights in the Copyrighted Motion Pictures and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiffs ("the Plaintiffs' Motion Pictures"), including without limitation by using the Internet to reproduce or copy any of the Plaintiffs' Motion Pictures, to distribute any of the Plaintiffs' Motion Pictures, or to make any of the Plaintiffs' Motion Pictures available for distribution to others, except pursuant to a lawful license or with the express authority of the Plaintiffs. Defendant also shall destroy all copies of the Plaintiffs' Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiffs' authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

2.  For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiffs.

3.  For the Plaintiffs' costs.

4.  For the Plaintiffs' reasonable attorneys' fees.

5.  For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: 4/13/05

Arthur F. Dionne (BBO # 125,760)
J. Kevin Grogan (BBO # 635,089)
McCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543

Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0034
Tel. (212) 407-4000
Fax (212) 407-4990

*Attorneys for Plaintiffs*

6

Case 3:05-cv-30086-MAP    Document 1    Filed 04/13/2005    Page 7 of 14

## Exhibit A

### Doe #1 (128.119.104.155 2005-03-27 23:52:22 (EST))

| PLAINTIFF | MOVIE TITLE | REG# |
|---|---|---|
| Disney Enterprises, Inc. | The Life Aquatic | Pending |

## Exhibit A

### Doe #2 (72.19.113.168 2005-03-23 01:40:24 (EST))

| PLAINTIFF | MOVIE TITLE | REG# |
|---|---|---|
| Disney Enterprises, Inc. | The Life Aquatic | Pending |

## Exhibit A

### Doe #3 (72.19.120.191 2005-04-03 20:10:32 (EDT))

| PLAINTIFF | MOVIE TITLE | REG# |
|---|---|---|
| Universal City Studios Productions LLLP | Meet The Fockers | PA 1-255-623 |

## Exhibit A

### Doe #4 (72.19.77.224 2005-03-29 10:05:47 (EST))

| PLAINTIFF | MOVIE TITLE | REG# |
|---|---|---|
| Universal City Studios Productions LLLP | Meet The Fockers | PA 1-255-623 |

**Exhibit A**

**Doe #5 (72.19.82.232 2005-03-24 10:05:31 (EST))**

| PLAINTIFF | MOVIE TITLE | REG# |
|---|---|---|
| Columbia Pictures Industries, Inc. | Closer | PA 1-247-527 |

## Exhibit A

### Doe #6 (72.19.84.216 2005-03-25 02:16:05 (EST))

| PLAINTIFF | MOVIE TITLE | REG# |
|---|---|---|
| Paramount Pictures Corporation | Coach Carter | PA 1-256-832 |

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNIVERSAL CITY STUDIOS PRODUCTIONS; DISNEY ENTERPRISES; COLUMBIA PICTURES; and PARAMOUNT PICTURES

**(b)** County of Residence of First Listed Plaintiff **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Arthur F. Dionne
J. Kevin Grogan
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, MA 01103
Tel.: (413) 736-5401
Fax: (413) 733-4543

**DEFENDANTS**
DOES 1-6
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities / Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW 405(g) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
*17 U.S.C. § 501 et seq. – copyright infringement*

**VII. REQUESTED IN COMPLAINT**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 4/13/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

305908